# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RITA J. GARCIA,

    Plaintiff,

v.                                                                   No. CIV 04-827 WJ/DJS

LUNA COMMUNITY COLLEGE, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER ON DEFENDANT SAN MIGUEL COUNTY BOARD OF COUNTY COMMISSIONERS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant San Miguel County Board of County Commissioners' Motion to Dismiss [Docket No. 34]. Having reviewed the submissions of the parties and being fully advised on the law, I find the motion is well taken and will be granted.

**BACKGROUND**

Plaintiff Rita J. Garcia lives in San Miguel County and, at all times relevant to this action, worked as Human Resources Director at Luna Community College. She filed a Complaint in this Court on July 20, 2004 naming numerous defendants including the San Miguel County Board of County Commissioners (BCC). Plaintiff's Complaint states that the defendants "participated in placing her in harm's way; they either retained her to those conditions involuntarily, against her free will, while having full authority with official duties to do otherwise, or contributed to those conditions as knowing and willful participants in the conspiracy for that purpose." Complaint, first paragraph (unnumbered). Plaintiff alleges that the Defendant BCC conducts elections for the

Luna Community College Board of Trustees (LCC Board) and collects taxes for the LCC Board's use and control.  As such, according to Plaintiff, the BCC is:

> responsible to the electorate of San Miguel County for the qualification, holding of faithful performance bonds for elected members of the [LCC] Board and for President Leroy Sanchez since they control the expenditure of tax revenues raised under its authority.  The county can be sued under § 4-46-1 for misfeasance, malfeasance, and nonfeasance relative to coverage of faithful performance bonds and elected officials placed in office under its control.

Complaint ¶ 10.

Plaintiff alleges in her first and second causes of action that the LCC Board and LCC employees deprived her of her civil rights and conspired to deprive her of her civil rights by impairing, impeding and obstructing her contract rights.  In her conspiracy cause of action, Plaintiff cites to 42 U.S.C. § 1985(3) as the source of her remedy for the civil conspiracy.  Nowhere in the Complaint does Plaintiff allege any racial or class based animus.

Plaintiff titles her third cause of action as "having authority to correct the wrongs being done."  Complaint ¶ 34.  In this cause of action, Plaintiff alleges that the BCC:

> simply collects taxes for Defendant LCC . . . and could care less how the money raised by direct taxes for Defendant LCC is spent, as though they have no fiduciary responsibilities for the money collected from the county citizens.  They, by omission, could care less if the persons elected to the Defendant LCC Board by the county electorate, under their supervision, ever perform their sworn duties, and do not require faithful performance bonds for either the Defendant Members of the LCC Board or Defendant Sanchez who controls millions of federal, state, and county public funds.  Thereby, the Defendant County participates in the civil conspiracy harming Garcia . . ..

Complaint ¶ 39.  In this third cause of action, Plaintiff cites to 42 U.S.C. § 1986 as the source of her remedy.  Complaint ¶ 40.

2

The above is the entirety of Plaintiff's allegations with regard to the BCC. Defendant BCC filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999). In addition, a court must construe a pro se litigant's complaint liberally. Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir.2002). In doing so, however, the court should not assume the role of advocate, and should dismiss claims that are supported only by vague and conclusory allegations. Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1188 (10th Cir. 2003) (citing Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.1992)). Dismissal of a pro se complaint is proper only if it is obvious that the plaintiff cannot prevail on the facts alleged and it would be futile to give her an opportunity to amend. Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir.2001).

**DISCUSSION**

Defendant BCC argues that Plaintiff has failed to state a claim for civil conspiracy under 42 U.S.C. § 1986. BCC notes that a § 1986 claim for failure to prevent a violation of § 1985 requires a violation of § 1985. See Abercrombie v. City of Catoosa, Oklahoma, 896 F.2d 1228, 1230 (10th Cir. 1990). BCC then argues that Plaintiff has failed to state a claim under § 1985 and

has thus failed to state a claim under § 1986.  BCC alternatively argues that Plaintiff has failed to state a claim under § 1986 because BCC had no power to prevent or aid in preventing the alleged violations of § 1985(3).

Section 1986 provides that: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . .."  Thus, in order to prevail on a claim under Section 1986, a plaintiff must establish a violation of Section 1985 and must establish that the defendant had the power to prevent or aid in preventing the violation of Section 1985.

42 U.S.C. 1985(3) provides in pertinent part:

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;  ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

A claim under Section 1985(3) can only be maintained on a showing of some racial or otherwise class-based discriminatory animus.  See Dixon v. City of Lawton Okla, 898 F.2d 1443, 1447 (10th Cir. 1990).  Plaintiff's Complaint does not allege in her Section 1985 claims any racial

4

or class based discriminatory animus. Thus, the Complaint does not allege a Section 1985 violation on which a claim for a violation of Section 1986 may be based, and Plaintiff has failed to state a claim under Section 1986 upon which relief may be granted. Given Plaintiff's pro se status, however, dismissal of this claim without leave to amend the complaint is proper only if any amendment would be futile.

Even if Plaintiff were to amend her complaint to allege a violation of Section 1985 by alleging a racial or class based discriminatory animus, Defendant BCC would be entitled to dismissal of the Section 1986 claim on the basis that, as a matter of state law of which the Court may take judicial notice, the BCC has no power to prevent or aid in the prevention of the alleged violations by the LCC Board or LCC employees.

Under New Mexico law, the powers of a county are exercised by a board of county commissioners, Board of Comm'rs of Rio Arriba County v. Greacan, 3 P.3d 672, 674 (N.M. 2000), and a county is a mere political subdivision of the State possessing only the powers expressly granted to it by the State Legislature together with those necessarily implied to implement the express powers. El Dorado at Santa Fe, Inc. v. Board of County Comm'rs, 551 P.2d 1360, 1364 (N.M. 1976). The power to control the finances and management of a community college are not vested in the county but are vested in the community college board which is elected by the registered voters of the community college district. N.M. Stat. Ann. 1978 §§ 21-13-8, 21-13-8.1, 21-13-10.[1]

---

[1] It should also be noted that community college boards are elected by electors of a community college district, and a community college district is comprised of one or more school districts in one or more counties. See N.M. Stat. Ann. 1978 §§ 21-13-2(B) and 21-13-4(A). Therefore, a community college board is not necessarily elected by the same electors as those who elect a board of county commissioners. If the territorial boundaries of a college district are

The New Mexico Department of Finance Administration (DFA) sets the property tax rates for all governmental units that will share in the tax. N.M. Stat. Ann. 1978 § 7-38-33. A board of county commissioners does have the responsibility to impose the property tax set by the DFA. N.M. Stat. Ann. 1978 § 7-38-34; see also N.M. Stat. Ann. 1978 § 21-2A-5(A) (stating that a board of county commissioners, at the direction of a college district board, shall levy taxes authorized by the electors within the college district). The county assessor has the responsibility to collect the tax, and the county treasurer has the responsibility to distribute the tax to governmental units in accordance with the DFA tax rates. N.M. Stat. Ann. 1978 § 7-38-43. San Miguel County through the BCC has no power to control the use of the taxes collected and distributed to the LCC.

San Miguel County has no oversight of the posting of bonds by the LCC board or LCC employees. The statutory obligation on the BCC with regard to the posting of bonds is found at N.M. Stat. Ann. 1978 § 10-2-12 which requires a board of county commissioners to "inquire into the sufficiency of all the official bonds given or to be given by any county or precinct officer as required by law . . .." The New Mexico statutes clearly define those county officers required to give an official bond as "county commissioner, county assessor, county clerk, county sheriff, county surveyor, county treasurer, probate judge, county flood commissioner and small claims court clerk." N.M. Stat. Ann. 1978 § 10-1-13. This list of county officers whose bonds a board of county commissioners must inquire into noticeably does not include community college boards, board members, or employees. As already noted, the community college board is independently

---

coincidentally coextensive with those of a county, it does not follow that the board of county commissioners has any authority or control of the independently elected community college board.

elected by the electors of a college district, and these are not necessarily the same electors as those who elect a board of county commissioners. See Footnote 1 infra. Therefore, the statutory duties imposed by Section 10-2-12 on a board of county commissioners does not include any bonds allegedly required to be given by community college board members or employees.[2]

In light of the above analysis, there is no conceivable amendment to Plaintiff's Complaint that would state a claim against the BCC for failing to prevent or aid in the prevention of a violation of 1985 by the LCC Board, LCC Board Members, or LCC employees. Accordingly, Plaintiff's claim under 42 U.S.C. § 1986 against Defendant San Miguel County Board of County Commissioners will be dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

In response to Defendant BCC's motion, Plaintiff hints, though only faintly, that she is asserting a claim against BCC under N.M. Stat. Ann. 4-46-1 for "misfeasance, malfeasance and nonfeasance relative to coverage of faithful performance bonds and elected officials placed in office under its control." See Response p. 1 (quoting Complaint ¶ 10). Section 4-46-1 states that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of . . ., but this provision shall not prohibit county officers, when authorized by law, from suing in their name of office for the benefit of the county." This provision of New Mexico law does nothing to specifically authorize a particular type of suit, and there is no claim which may be stated pursuant to this law. Additionally, this law merely identifies the name under which a county may be sued when suit is

---

[2]The Court is not making a determination at this time on the issue whether community college board members must give a bond.

otherwise authorized by law. Accordingly, Plaintiff has failed to state a claim under Section 4-46-1 upon which relief can be granted. However, dismissal of this claim, if it is one, is only proper if allowing Plaintiff to amend her Complaint would be futile.

Under New Mexico law, governmental entities are protected by sovereign immunity except as waived by the New Mexico Tort Claims Act (NMTCA). N.M. Stat. Ann. 1978 § 41-4-4(A). Plaintiff has not attempted to frame her allegation of misfeasance, malfeasance or nonfeasance in terms of a viable claim under state law and has not attempted to allege that immunity for such a claim is waived under the NMTCA. The Court in an abundance of caution, however, has made its own perusal of the waivers delineated in the NMTCA at N.M. Stat. Ann. 1978 §§ 41-4-5 through 41-4-12, and there is no waiver of sovereign immunity even remotely applicable to Plaintiff's allegations. Thus, even if Plaintiff amended her Complaint in an attempt to state a claim against the BCC under state law for the acts and omissions alleged in her Complaint, BCC enjoys sovereign immunity for such a claim, and this Court will accordingly dismiss any such claim.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant San Miguel County Board of County Commissioners' Motion to Dismiss [Docket No. 34] is hereby GRANTED and Plaintiff's claims against this Defendant are DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE