# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RITA J. GARCIA,

    Plaintiff,

v.                                           No. CIV 04-827 WJ/DJS

LUNA COMMUNITY COLLEGE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS BILL RICHARDSON, PATRICIA MADRID AND LETITIA CHAMBERS' MOTION FOR MORE DEFINITE STATEMENT

THIS MATTER comes before the Court pursuant to Defendants Bill Richardson, Patricia Madrid and Letitia Chambers' Motion for More Definite Statement or to Strike; in the Alternative, Motion to Dismiss for Failure to State A claim [Docket No. 31]. Having reviewed the submissions of the parties and being fully advised on the relevant law, I find the motion is well taken and will be granted.

**BACKGROUND**

Plaintiff Rita J. Garcia lives in San Miguel County and, at all times relevant to this action, worked as Human Resources Director at Luna Community College (LCC). She filed a Complaint in this Court on July 20, 2004 naming numerous Defendants including Governor Bill Richardson, Attorney General Patricia Madrid and Letitia Chambers. These Defendants are sued in their individual capacities and in their capacities as elected or appointed public officers of the State of New Mexico.

Plaintiff's Complaint makes allegations against all of the defendants generally. The Complaint states that all of the defendants "participated in placing her in harm's way; they either retained her to those conditions involuntarily, against her free will, while having full authority with official duties to do otherwise, or contributed to those conditions as knowing and willful participants in the conspiracy for that purpose." Complaint, first paragraph (unnumbered). The Complaint also alleges that Plaintiff:

> . . . suffered emotional trauma over times relevant for the actions taken taking [sic] by the defendants, jointly and severally, who either, interfered with, impaired, or impeded her job performance by legal and administrative trickery to the point of jeopardizing her quality of job performance. The actions taken are in violation of the ADA, Retaliation and Whistle Blower which prohibit adverse actions against individuals who have engaged in protected activity.

Complaint ¶ 13.

With respect to allegations directed specifically to Governor Richardson, Attorney General Madrid and Ms. Chambers, the Complaint states that

> 8.      Defendants Governor Bill Richardson, Patricia Madrid are elected public officers and Letitia Chambers is an appointed public officer, all of whom are obligated, under solemn oath, to support the Constitution of the United States of America, the Constitution and Laws of the State of New Mexico, with a fiduciary responsibility to the electorate-at-large to faithfully and impartially discharge the duties of office. They reside in the State of New Mexico but are not covered with faithful performance bonds and cannot discharge the duties of office until evidence

> of those bonds is recorded in the Book of Official Bonds for public scrutiny and kept in the Office of the New Mexico Secretary of State. These bonds are a condition precedent to discharging duties.
>
> Defendants Governor Bill Richardson, Patricia Madrid are duly elected public officers, with a duty to the Public Trust, pursuant to their oaths, have a responsibility to respond to lawful notification of wrongdoing committed by those who are charged with the faithful performance of their duties, especially pursuant to the expenditures of Public funds. Neither the Governor, pursuant to the New Mexico Constitution, Article 5 Sec. 4, nor the Attorney General, charged with the duty to take action against those who improperly expend Public funds, answered or rebutted charged made in Garcia's written notifications.

Complaint ¶ 8.

In Paragraph 15 of her Complaint, Plaintiff alleges that she was subjected to sexual advances from Defendant Sanchez, and that Governor Richardson and Attorney General Madrid ignored her written complaints.

Plaintiff alleges in her first and second causes of action that the LCC Board and LCC employees deprived her of her civil rights (first cause of action) and conspired to deprive her of her civil rights (second cause of action) by impairing, impeding and obstructing her contract rights. See Complaint ¶¶ 20 through 33. Neither of these counts mentions Defendants Richardson, Madrid or Chambers, and the allegations supporting these counts do not resemble those made specifically with regard to Defendants Richardson, Madrid or Chambers. In her conspiracy cause of action, Plaintiff cites to 42 U.S.C. § 1985(3) as the source of her remedy for

3

the civil conspiracy.  Complaint ¶ 32.  Nowhere in the Complaint does Plaintiff allege any racial or class based animus.

Plaintiff titles her third cause of action as "having authority to correct the wrongs being done."  Complaint ¶ 34.  In this cause of action, Plaintiff alleges that she informed Governor Richardson and Attorney General Madrid of "the wrongs being done to her, the effect those wrongs had on her and the public funds involved; the Defendant Madrid has statutory duties to initiate legal measures to correct the wrongs reported; neither Richardson nor Madrid took any action to correct the wrongs and thereby became participants in the civil conspiracy."  Complaint ¶ 38.  In this third cause of action, Plaintiff cites to 42 U.S.C. § 1986 as the source of her remedy.  Complaint ¶ 40.

The above is the entirety of Plaintiff's allegations with regard to Defendants Richardson, Madrid and Chambers.  These Defendants filed the instant motion arguing that Plaintiffs' claims against each of them should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Alternatively, these Defendants move pursuant to Fed. R. Civ. P. 12(e) for a more definite statement.  Plaintiff's response to the motion contains a great deal of enigmatic pontification on the rights of the citizenry of the United States of America and the rights and duties of public officials.   Sandwiched in the middle of the brief are a modest number of allegations that are relevant to the motion in that they appear to attempt to give a more definite statement.  See Plaintiff's Response ¶¶ 7 through 10. The response also contains a short argument that Plaintiff's Complaint meets the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Defendants Richardson, Madrid and Chambers' Reply urges that the clarification of Plaintiff's claims contained in her Response show that Plaintiff's claims should be

dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because any amendment of the Complaint to state a claim or provide a more definite statement would be futile in that the amendment would fail to state a claim on which relief could be granted.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987).  When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff.  Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).  To state a claim under Fed. R. Civ. P. 8(a)(2), the plaintiff must offer a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  The Supreme Court has emphasized that the requirements at the pleading stage are de minimus.  See Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002) (a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations).  In addition, a court must construe a pro se litigant's complaint liberally.  Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir.2002).  In doing so, however, the court should not assume the role of advocate, and should dismiss claims that are supported only by vague and conclusory allegations.  Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1188 (10th Cir. 2003) (citing Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.1992)).  While motions for more definite statement made pursuant to Fed. R. Civ. P.

12(e) are generally disfavored, such a motion may be granted if a complaint is so vague or ambiguous that a defendant cannot reasonably determine the issues requiring a response. <u>Shaffer v. Eden</u>, 209 F.R.D. 460 (D. Kan. 2002). Dismissal of a pro se complaint is proper only if it is obvious that the plaintiff cannot prevail on the facts alleged and it would be futile to give her an opportunity to amend. <u>Curley v. Perry</u>, 246 F.3d 1278, 1281 (10th Cir.2001).

**DISCUSSION**

Plaintiff alleges that Defendant Chambers is an appointed public official with important duties to the people of the State of New Mexico. Nothing further is alleged with regard to Ms. Chambers. Clearly, this is insufficient to state a claim against Ms. Chambers. However, Plaintiff's Complaint cannot be dismissed with regard to Ms. Chambers unless it is clear that any amendment of the Complaint would be futile.

With regard to Defendants Richardson and Madrid, the Complaint only attempts to state a claim against them in the third cause of action brought under 42 U.S.C. § 1986. The Court has already determined in a Memorandum Opinion and Order filed April 18, 2005 that Plaintiff's third cause of action under Section 1986 fails to state a claim on which relief may be granted because a Section 1986 claim is dependent on a valid conspiracy claim, and Plaintiff's conspiracy claim under Section 1985(3) fails to state a claim because she does not allege any racial or class based discriminatory animus. <u>See</u> Docket No. 77. Thus, Plaintiff fails to state a claim against Defendant Richardson or Defendant Madrid. Again, however, Plaintiff's Complaint cannot be dismissed with regard to these Defendants unless it is clear that any amendment of the Complaint would be futile.

As previously noted, Plaintiff's Response contains a few paragraphs that can be considered an attempt to provide a more definite statement of her claims. The Court will consider these allegations in deciding whether an amendment of Plaintiff's Complaint would be futile.

Plaintiff's Response clarifies that her allegations with regard to Defendant Chambers include a failure by Chambers to respond to Plaintiff's "notification" of wrongdoing by the LCC Board and LCC employees. Plaintiff's Response alleges that Chambers is the Executive Director of the New Mexico Commission for Higher Education and has a duty to respond to notifications of wrongdoing by the LCC Board and employees. These allegations are indistinguishable from those made with regard to Defendants Richardson and Madrid in the third cause of action in Plaintiff's Complaint, and, as noted above, this cause of action fails to state a claim. Thus, any amendment of the Complaint that simply added allegations with regard to Chambers to the third cause of action would be futile.

The issue, then, is whether any conceivable amendment of the Complaint would cure the defects in Plaintiff's third cause of action. The Court cannot conclude that any conceivable amendment of Plaintiff's Complaint would fail to state a claim against Defendants Richardson, Madrid and Chambers and the Court cannot dismiss the Complaint even though Plaintiff fails to state a claim against these Defendants at this time. The Court will allow Plaintiff fifteen (15) days in which to file an amended Complaint to state a claim against Defendants Richardson, Madrid and Chambers. If an amended Complaint is not filed within fifteen days, or if an amended Complaint fails to state a claim against these Defendants, all claims against these Defendants shall be dismissed.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants Bill Richardson, Patricia Madrid and Letitia Chambers' Motion for More Definite Statement or to Strike; in the Alternative, Motion to Dismiss for Failure to State A claim [Docket No. 31] is hereby GRANTED IN PART in that the Court concludes that Plaintiff's Complaint fails to state a claim against these Defendants.

IT IS FURTHER ORDERED that Plaintiff file an Amended Complaint stating a claim against these Defendants within fifteen (15) days. Plaintiff is hereby given notice that failure to timely file an Amended Complaint that adequately states a claim against these Defendants shall result in dismissal of all claims against these Defendants.

_____
UNITED STATES DISTRICT JUDGE